# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN DAVID DUFF, ) | |
| Petitioner, ) | |
| v. ) | CIV 06-1764 PHX PGR (MEA) |
| DORA B. SCHRIRO, et al., ) | REPORT AND RECOMMENDATION |
| Respondents. ) | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On July 15, 2006, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence imposed pursuant to his criminal conviction by an Arizona state court. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on January 31, 2007. Docket No. 11. Respondents assert Petitioner's habeas claims were not properly exhausted in the Arizona state courts and are procedurally defaulted. Therefore, Respondents argue, the petition must be denied and dismissed with prejudice. Petitioner filed a traverse to the government's answer to the petition on February 14, 2007. See Docket No. 12.

**I Procedural History**

On August 13, 2003, Petitioner was charged by indictment with second-degree murder, committed on April 24, 2003, in docket number CR2003-018500. Answer, Exh. A. The grand jury found in the indictment that the offense was a dangerous felony because it involved the discharge, use, or threatening exhibition of a handgun, deadly weapon or dangerous instrument and the intentional or knowing infliction of serious physical injury upon the victim. Id., Exh. A. On November 25, 2003, pursuant to a written plea agreement, Petitioner pled guilty to a reduced count of negligent homicide, a class 4 dangerous felony, in docket number CR2003-018500. Id., Exh. A. The plea agreement provided Petitioner would "be sentenced to a term no less than the presumptive in this cause number." Id., Exh. A at 46. The plea agreement further provided: "The defendant's total sentence in this case, [and] CR 2003-01393 [committed on April 14, 2003] and CR 2003-014034 [committed on May 13, 2003] [both charging theft of a means of transportation] shall not exceed 14 years." Id., Exh. A at 46.[1]

---

[1] The written plea agreement states:
> The crime carries a presumptive sentence of 6 years; a minimum sentence of 4 years (na if trial court makes exceptional circumstances finding); and a maximum sentence of 8 years (na) if trial court makes exceptional circumstances finding).
> ...)

Answer, Exh. A at 46. The government agreed in the written plea agreement to dismiss an "allegation of A.R.S. Section 13-702.02." Id., Exh. A. This section provides:
> A person who is convicted of two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony

-2-

At a court hearing on November 25, 2003, Petitioner entered a plea of guilty to the charge of negligent homicide. Id., Exh. B. At that time the Arizona trial court also accepted Petitioner's guilty pleas with regard to docket numbers CR2003-01393 and CR2003-014034, alleging the theft of a motorcycle and possession of a different stolen motorcycle. Id., Exh. B at 9, 14, 20. Petitioner admitted the factual basis for guilt on all three charges. Id., Exh. B at 17, 22.[2]

---

    convictions as defined in § 13-604 shall be sentenced, for the second or subsequent offense, pursuant to this section.
    B. A person sentenced pursuant to this section shall not be eligible for suspension of sentence, probation, pardon, or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served, the person is eligible for release pursuant to § 41-1604.07 or the sentence is commuted. The presumptive term for paragraphs 1 through 4 of this subsection may be aggravated within the range under this section pursuant to § 13-702, subsections B, C and D. The presumptive term for paragraph 3 or 4 of this subsection may be mitigated within the range under this section pursuant to § 13-702, subsections B, C and D.

[2] The factual basis for the charge of negligent homicide was:
    [O]n April 24th [2003], Mr. Duff was threatened by Thomas Woodard at his home--in his parents' home in Scottsdale, Maricopa County, and he did shoot at Mr. Woodard, and subsequently he died from a gunshot to the head.
    And he shot while Mr. Woodard was riding away on a motorcycle....
Answer, Exh. B at 18. Petitioner's counsel stated he would have offered a defense of self-defense or justification, based on Petitioner's belief the victim possessed a gun, had the charge of second-degree murder gone to trial, but that he believed there was a factual basis for a plea of guilty to negligent homicide. Id., Exh. B at 18-19. Police discovered the stolen motorcycles in Petitioner's possession in the course of investigating the shooting. Id., Exh. B

-3-

At the time Petitioner committed his crimes, Arizona statutes provided the presumptive term of imprisonment for a conviction for negligent homicide, a class 4 felony, was six years, which could be aggravated by the sentencing court to a maximum term of eight years. See Ariz. Rev. Stat. Ann. § 13-604(B) (2001 & Supp. 2006). The presumptive sentence for theft of a means of transportation, a class 3 felony, was three and one-half years in prison, and the minimum sentence for this crime was two years in prison. Id. The range of sentencing faced by Petitioner, as acknowledged by the sentencing court and counsel at the time of sentencing, was from six years in prison without probation to a total of 14 years in prison followed by a term of probation. Answer, Exh. B at 23.

On January 22, 2004, after a sentencing hearing and preparation of a presentence report, Petitioner was sentenced to an aggravated term of seven years in prison pursuant to his conviction for negligent homicide. See id., Exh. A. The sentencing court imposed the aggravated sentence based on Petitioner's additional conviction for theft of a means of transportation, which crime occurred prior to the date of the homicide, and the recklessness of Petitioner's conduct leading to the shooting of the victim. Id., Exh. C.[3]  Petitioner was

---

[3] The sentencing court stated:
I am not going to find at all that the use of a gun is aggravating... I do think the nature of the offense is aggravating. I think it is also aggravating that he has the prior, if you will, theft of means of transportation crime which occurs the day before, I think, of the homicide.... I think something more than six

-4-

sentenced to a consecutive presumptive term of three and one half years in prison pursuant to his conviction in CR 2003-018500, for theft of a means of transportation. Id., Exh. C at 97. Petitioner was sentenced to a term of probation pursuant to his conviction on the other charge of theft of a means of transportation. Id., Exh. C at 96-98.

Petitioner filed a timely action seeking state post-conviction relief on January 30, 2004. Id., Exh. D. Petitioner was appointed counsel, who filed a brief on Petitioner's behalf on August 6, 2004, arguing Petitioner's Sixth Amendment rights were violated by his sentence for negligent homicide, citing Blakely v. Washington. Id., Exh. E.[4] The Arizona Superior Court dismissed the petition for post-conviction relief on January 21, 2005. Id., Exh. F. In denying relief, the Arizona trial court relied on the Arizona Court of Appeals' decision in Arizona v. Martinez, 209 Ariz. 280, 100 P.3d 30 (2004). Id., Exh. F The Arizona trial court noted Petitioner's potential sentencing

---

> years is called for on the homicide, because, as I say, I think--I think his conduct was reckless.
> Frankly, I was going to give him prison sentences on both the theft of means crimes...

Answer, Exh. C at 95.

[4] Counsel conceded:
> The Court's reference to a "prior" conviction for Theft of Means of Transportation actually refers to a conviction for a crime that was discovered during the course of the murder investigation. Duff pled to that case and the Court sentenced him on that case on the same days as the present case. Arguably the Court is authorized to find this aggravating factor without benefit of a jury trial.

Answer, Exh. E at 5.

range for negligent homicide was "opened up" by the simultaneous conviction for theft of a means of transportation, permitting the trial court "to make a finding that the reckless nature of the defendant's crime was aggravating as well." Id., Exh. F.

Petitioner sought review of the Superior Court's decision denying relief by the Arizona Court of Appeals, noting other panels of the Arizona Court of Appeals had reached decisions contrary to the holding in Martinez. Id., Exh. G. The Arizona Court of Appeals summarily denied review in a decision issued November 3, 2005. Id., Exh. H.

Petitioner sought review of this decision by the Arizona Supreme Court. Id., Exh. I. Petitioner asserted the Court of Appeals' decision in Martinez was wrong and that the "prior" conviction relied upon by the sentencing court was not a prior conviction as that term is defined by the relevant Arizona statutes. Id., Exh. I. While Petitioner's petition for review was pending before the Arizona Supreme Court, that court issued its opinion in Martinez, affirming the Arizona Court of Appeals' decision in that matter. See Arizona v. Martinez, 210 Ariz. 578, 115 P.3d 618 (2005) (en banc), cert. denied, 126 S. Ct. 762 (2005). Accordingly, on May 23, 2006, the Arizona Supreme Court denied review of the Arizona Court of Appeals' decision denying Petitioner post-conviction relief. Id., Exh. J.

In his federal habeas petition Petitioner asserts his sentence violated his Sixth Amendment rights. Petitioner contends that, even if the conclusion in Martinez is "Blakely

-6-

compliant", he was improperly sentenced because he "had no historical prior convictions." Docket No. 3.

**II Analysis**

The United States Supreme Court announced a new constitutional rule regarding criminal procedure in <u>Blakely v. Washington</u> on June 24, 2004. However, Petitioner's conviction became final prior to the date that the United States Supreme Court issued the <u>Blakely</u> decision in June of 2004. Petitioner was sentenced pursuant to his conviction for negligent homicide on January 22, 2004. Petitioner waived his right to a direct appeal of his conviction and sentence and, accordingly, his conviction for negligent homicide became "final" on the date he was sentenced.

The Ninth Circuit Court of Appeals has conclusively held the Supreme Court's <u>Blakely</u> decision does not apply retroactively to a state conviction which was final before the date <u>Blakely</u> was issued, i.e., June 24, 2004. <u>See</u> <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005), <u>petition</u> <u>for</u> <u>cert.</u> <u>filed</u>, No. 05-9237 (Nov. 10, 2005). Because Petitioner's conviction was final prior to <u>Blakely</u>, he is not entitled to resentencing based on this opinion.

The fact that Petitioner's sentence was aggravated by a "prior" conviction[5] and that he admitted this conviction

---

[5] The Arizona courts' determination that Petitioner's simultaneous conviction for an act occurring prior to the date of the act giving rise to the negligent homicide conviction was a "prior" felony conviction, as that term is defined by state law, is binding on this Court. <u>See</u> <u>Powell v. Lambert</u>, 357 F.3d 871, 874 (9th Cir. 2004); <u>Chapman v. LeMaster</u>, 302 F.3d 1189, 1196 (10th Cir. 2002).

-7-

removes his circumstance from the umbrella of both Apprendi and Blakely.[6] See Hughes v. Harrison, 129 Fed. App. 340, 341 (9th Cir.), cert. denied, 126 S. Ct. 130 (2005); Stevenson v. Lewis, 116 Fed. App. 814, 815 (9th Cir. 2004) ("Apprendi carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction."). Petitioner could properly be sentenced to a term of seven years imprisonment for his conviction on a class 4 felony based solely on facts admitted by Petitioner, i.e., his simultaneous felony conviction for a crime occurring prior to the date of the homicide. Petitioner admitted in the written plea agreement and in open court at the time of sentencing he had committed the crimes charged. At the time Petitioner was sentenced, Arizona law provided for a statutory maximum of 8 years imprisonment for an individual convicted of a class 4 felony if the individual was previously

---

[6]
> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [ ] Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that question. .... The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. Apprendi, 530 U.S. at 488, 120 S. Ct. 2348 [ ]. There is no suggestion that Petitioner's [ ] conviction was obtained without the requisite procedural safeguards. Thus, we reject Petitioner's claim that his sentence violated Apprendi.

Davis v. Woodford, 446 F.3d 957, 963 (9th Cir. 2006).

convicted of a felony. Accordingly, Petitioner's case is excepted from the rule stated in Blakely, which does not apply to a sentence aggravated by a "prior" felony conviction.

The state courts' decision that Petitioner's conviction for theft of a means of transportation was a "prior" felony conviction is an issue of state law not cognizable on habeas review. See, e.g., Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993); Zaragoza v. Lamarque, 145 Fed. App. 572, 573 (9th Cir. 2005); Berry v. Morgan, 137 Fed. App. 952, 954 & n.2 (9th Cir. 2005), cert. denied, 126 S. Ct. 1364 (2006).

### III Conclusion

Petitioner is not entitled to relief on the merits of his Blakely claim because Blakely was decided after Petitioner's state conviction became final and Blakely has not been made retroactive to cases on collateral review. Additionally, Petitioner's sentence was within the statutory maximum for his crime and his sentence was predicated on a fact, i.e., his "prior" conviction, admitted by Petitioner. Therefore, Petitioner is not entitled to relief on the merits of his Blakely claim.

**IT IS THEREFORE RECOMMENDED** that Mr. Duff's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

-9-

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 26th day of February, 2007.

_____
Mark E. Aspey
United States Magistrate Judge